SAMUEL H. BOWMAN

*v.*

WILLIAM M. BROWN et al.

[Decided January 2d, 1917.]

Where an agent took a deed in escrow to be delivered to his principal upon payment of a certain sum, his agency did not incapacitate him from holding the deed in escrow.

On bill, answer and proofs.

*Mr. Edwin B. Goodell,* for the complainant.

*Mr. Mathew J. Ready,* for the defendants.

STEVENS, V. C.

The first question raised by the bill is whether the late John Whitehead was in a position to hold a deed in escrow. One Kiesler had, in February, 1898, conveyed a piece of woodland of small value to William M. Brown, in satisfaction of Mr. Brown's claim against him for legal services. After he had made the deed, he became dissatisfied and consulted Mr. Whitehead as to what he could do. Mr. Whitehead entered into a correspondence with Mr. Brown. Mr. Brown saw Mr. Kiesler and told him that he would reconvey, on payment of the sum of $250, which was agreed upon between them as the value of the service rendered. To insure the carrying out of this agreement Mr. Brown agreed to place, and did place, in escrow, in the

hands of Mr. Whitehead, a deed reconveying the lot, with the understanding that Mr. Whitehead was not to deliver it until Kiesler had paid Mr. Brown the above sum. The money was not paid and Mr. Whitehead held the deed unrecorded until his death. Kiesler is also dead.

The complainant was a judgment creditor of Kiesler, to whom, in April, 1905, after execution issued, the sheriff of Essex county made a deed purporting to convey the property in question with other property. He contends that the delivery to Mr. Whitehead was in law a delivery to Kiesler, and vested in him the fee of the land; his contention being that a deed can no more be delivered in escrow to the party's agent than it can be to the party himself. If this be so, Kiesler, on the delivery of the deed to Mr. Whitehead, acquired the fee and this fee passed under the sheriff's deed to Bowman. Whether the action begun in the district court is the proper action I need not decide, but it is certain that the question is one of legal title, capable of being tried in an ejectment suit and not an equitable question.

I am of the opinion, however, that Mr. Whitehead was able to hold the deed in escrow. The law is thus stated in *10 R. C. L. 631:*

"It has now become the settled rule that if the agent's or attorney's relation to his principal is such that his acting as custodian of the deed or paper is not antagonistic to his principal's interests and the paper was put in his hands, not as a delivery, but as an escrow, such general agent or attorney of the grantee, payee or obligee of an instrument is not incapacitated from acting as depository of the instrument, but becomes the agent of both parties for the purposes of the escrow."

I can see nothing antagonistic to Mr. Kiesler's interests in the action of Mr. Whitehead. In *Watkins* v. *Nash, L. R. 20 Eq. 262,* it was held that the delivery to the solicitor of the grantee of an instrument executed by the grantor will not convert the instrument from an escrow into a deed, provided the delivery is of a character negativing its being a delivery to the grantee. This ruling was approved by the court of appeals in the later case of *London Freehold Co.* v. *Baron Suffield (1897), 2 Ch. 608.* The case of the *Ordinary* v. *Thatcher,*

*41 N. J. Law 403*, is not in point. The decision was expressly rested upon a ground peculiar to cases of the class then under consideration.

As the bill prays, in the alternative, for a redemption, and as the defendant does not contest complainant's right to redeem, he is entitled to a decree for a reconveyance on payment of principal and interest from the date of defendant's agreement with Kiesler.